UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RODNEY CHARLES REED                          CIVIL ACTION

VERSUS                                       NO. 23-6488

TERREBONNE    PARISH    CRIMINAL             SECTION "D" (2)
JUSTICE COMPLEX

## REPORT AND RECOMMENDATION

Plaintiff Rodney Charles Reed filed a complaint pursuant to 42 U.S.C. § 1983 which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).  Upon review of the record, the court has determined that this matter can be disposed of without an evidentiary hearing.

## I.    FACTUAL ALLEGATIONS

Reed is an inmate housed in the Terrebonne Parish Criminal Justice Complex ("TPCJC"). ECF No. 1, ¶II, at 2.  He filed this *pro se* and *in forma pauperis* § 1983 complaint against the TPCJC alleging that it is unsafe for the jail to house Louisiana Department of Corrections ("DOC") inmates with other parish inmates in the lockdown segregation dormitory. *Id*., ¶V, at 6.  To support his claim, he refers the court to the attached handwritten summary of his in-prison administrative grievance complaint and responses. *Id*. at 7-8.  The summary reflects that Reed was complaining to jail officials that DOC inmates should not be housed with parish inmates.  Specifically, he complained that, on July 31, 2023, he was involved in an altercation with a DOC inmate Kevin Guillory, Jr., who was housed with plaintiff in the administrative segregation area, C-100. *Id*. at 7 (Summary of Complaint).  In Reed's summary of a response received August 2, 2023, Lt. S.

Schwaush informed Reed that he could not seek review of criminal actions or disciplinary actions through the grievance system and would have to do so through the courts and prison disciplinary board. *Id*. According to Reed, on appeal, Warden R. Ledet responded that "per D.O.C., awaiting trial and D.O.C. offenders can be housed together." *Id*. On a second level appeal, Lt. Colonel S. Bergeron concurred with the prior responses. *Id*. at 8.

## II.    LEGAL STANDARDS

### A.    Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1]  A claim is frivolous if it "lacks an arguable basis in law or fact."[2]  A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[4]  A court may not dismiss a claim simply because the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998).

[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

[5] *Id*. at 270.

the complaint are true, even if doubtful.[6]  The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7]  The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[9]  Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), *Neitzke*, 490 U.S. at 319, held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11]  If an *in forma pauperis* complaint lacks even an arguable

---

[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[7] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).
[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and quoting *Twombly*, 550 U.S. at 544).
[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[11] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[12] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

### B.   Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)   deprivation of a right secured by the U.S. Constitution or federal law;
(2)   that occurred under color of state law; and
(3)   was caused by a state actor.[16]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18] "The traditional definition of acting under color of state law

---

[12] *Id*.
[13] *Id*.
[14] 42 U.S.C. § 1983.
[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[16] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[17] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

4

requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

## III.    <u>ANALYSIS</u>

As stated above, to recover under § 1983, the plaintiff must identify both the constitutional violation and the responsible person acting under color of state law.[20]  In this case, Reed has done neither.

### A.    <u>TPCJC is not a Proper Defendant</u>

The only defendant named by Reed is the TPCJC.  However, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[21]  A § 1983 action must be filed against an actual identified person, not the jail or the departments within it.[22]

For this reason, Reed's complaint against the TPCJC should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and as applicable, 42 U.S.C. § 1997e as frivolous and for failure to state a claim for which relief can be granted.

---

[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).

[20] *See Flagg Bros., Inc.*, 436 U.S. at 155–56 (stating the respondents are first bound to show that they have been deprived of a constitutional right and that the individual named, *i.e.* Flagg Brothers, deprived them of this right while acting under color of state law).

[21] *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. 2008) (citations omitted); *Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) ("A parish jail is not [a suable] entity, but a building").

[22] *See Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009) (citing *August v. Gusman*, No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 06-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007)).

B.    <u>No Constitutional Violation Alleged</u>

Even if Reed were afforded an opportunity to identify a suable defendant, his claims would still be subject to dismissal as frivolous because he has not identified a constitutional violation arising from his placement in administrative segregation with a DOC inmate. Reed's complaint and grievance summary indicate that he was housed with a DOC inmate while in an administrative segregation area, thus already subject to some disciplinary proceeding, when the two were involved in a fight that led to other disciplinary and possible criminal charges. Reed's main grievance is that the jail should not have housed him with a DOC inmate in the first place.

Generally, the classification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances.[23] The courts recognize a due process right to certain prison classifications "only if state law contains 'substantive predicates' limiting the prison administrators' discretion to classify, assign, and punish inmates."[24] No such limit exists here because "[c]lassification of inmates in Louisiana is a duty of the [jailer] and an inmate has no right to a particular classification under state law."[25]

Further, there is no *per se* constitutional prohibition to housing pretrial detainees and convicted inmates together where no pervasive risk of harm exists and the pretrial detainee is not in an environment "where terror reigns."[26] Also, pretrial detainees may be housed with convicted inmates, even in the same cell, when it is required to maintain jail security.[27]

---

[23] *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979); *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990); *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971).
[24] *Ricker v. Leapley*, 25 F.3d 1406, 1409 (8th Cir. 1994) (citing *Swenson v. Trickey*, 995 F.2d 132, 134 (1993)).
[25] *Woods v. Edwards*, 51 F.3d 577, 581-82 (1995) (quotation omitted).
[26] *Jones v. Diamond*, 636 F.2d 1364, 1376 (5th Cir. 1981), *overruled on other grounds by International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.*, 790 F.2d 1174 (5th Cir. 1986); *Stokes v. Delcambre*, 710 F.2d 1120 (5th Cir. 1983) (sheriff housed college students arrested on a non-violent misdemeanor charge with a dozen inmates charged with violent felonies – leading to the students' severe beating and rape).
[27] *Jones*, 636 F.2d at 1376.

In this case, Reed has not alleged that his placement in the administrative segregation with a DOC inmate was indiscriminate or rampant throughout the jail.  Instead, Reed admittedly was placed in administrative or disciplinary segregation where the DOC inmate was also being held. Reed's placement in that area was rooted in the need to maintain security in the jail.

Reed also has not asserted that the TPCJC officials were deliberately indifferent to a known risk to him, other than simply having housed him with a DOC inmate.[28]  While altercations between inmates is unfortunate, "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence."[29]

## IV.  <u>RECOMMENDATION</u>

Reed has not alleged a constitutional violation arising from his placement in the disciplinary segregation area with a DOC inmate.  His claims are subject to dismissal pursuant to 28 U.S.C. § 1915, § 1915A and as applicable, 42 U.S.C. § 1997e as frivolous and for failure to state a claim for which relief can be granted.  Accordingly,

It is **RECOMMENDED** that plaintiff Rodney Charles Reed's 42 U.S.C. § 1983 claims against the Terrebonne Parish Criminal Justice Complex be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915, § 1915A and as applicable, 42 U.S.C. § 1997e, as frivolous and otherwise for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[28] *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir.2006).
[29] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003) (citing *Farmer*, 511 U.S. at 834).

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[30]

New Orleans, Louisiana, this __19th__ day of December, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[30] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.